IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHASNEY & COMPANY, INC.,            *

      Plaintiff,                    *

      v.                            *     CIVIL NO.: WDQ-14-2148

HARTFORD ACCIDENT & INDEMNITY
CO., et al.,                         *

      Defendants.                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

United States of America f/u/b/o Chasney and Company, Inc. ("Chasney") sued Hartford Accident & Indemnity Co. ("Hartford") for recovery under the Miller Act.[1] The Court granted James W. Ancel, Inc.'s ("Ancel") motion to intervene.[2] Pending is the Defendants' motion to dismiss. No hearing is necessary. See Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion to dismiss will be denied.

I.  Background[3]

Ancel entered into a construction contract with the United States Army Corps of Engineers ("the Owner") to build an Army

---

[1] 40 U.S.C. § 3133.

[2] Ancel and Hartford are referred to collectively as "the Defendants."

[3] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).

reserve center in Baltimore, Maryland. ECF No. 1 at ¶ 5. In accordance with the construction contract, Ancel executed a labor and material payment bond with Hartford as surety. Id. at ¶ 6. Ancel then entered into a subcontract agreement with Chasney for the HVAC and plumbing services on the project. Id. at ¶ 7.

Under the subcontract agreement, Chasney was to receive a lump sum of $1,500,000.00. ECF No. 1 at ¶ 7. The agreement stated that Chasney was "bound to the Contractor in the same way the Contractor is bound to the Owner and shall assume toward the Contractor all the obligations and responsibilities which the Contractor assumes toward the Owner and shall have the benefit of all rights, remedies and redress against the Contractor which the Contractor, pursuant to the Prime Contract, has against the Owner, except that this Subcontract shall govern any inconsistent provision of the Prime Contract." ECF No. 1-2 at 1. The agreement also contained a "no damages for delay" clause:

> The Contractor shall not be liable to [the] Subcontractor for delays caused by the Owner or other subcontractors or suppliers. [The] Subcontractor shall be entitled to reimbursement only for damages for delays recovered from the Owner, and the Subcontractor shall have the right, at its expense, to exercise against the Owner all provisions of the Prime Contract to recover said damages. The Contractor shall have the right, at any time and for any reason, to delay, suspend or accelerate the whole or any part of the work without incurring liability therefor.

*Id.* at 3.

Chasney alleges that during the project, it rendered "additional labor and materials" in the amount of $676.00. ECF No. 1 at ¶ 9. Chasney also asserts that the project was delayed, and it "incurred additional uncontemplated costs" in the amount of $380,687.65. *Id.* at ¶ 12. Chasney believes that "Ancel sought and obtained additional compensation from the Owner for the delays to the [p]roject, including the delays suffered by Chasney on the Project." *Id.* at ¶ 14. "Nevertheless, Ancel has failed and refused to pay Chasney for the Delay Damages incurred . . . ." *Id.* at ¶ 15. To date, Ancel has paid Chasney $1,469,694,55. *Id.* at ¶ 10.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action can be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's

notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.   The Defendants' Motion to Dismiss

The Defendants assert that Chasney's claim for delay damages must be dismissed because the "no damages for delay" clause limits their liability. ECF No. 9 at 1. Chasney argues that the clause is invalid because it contravenes the purpose of the Miller Act. ECF No. 12 at 1-2.

4

"The Miller Act provides that before a contract exceeding $100,000 for the construction of any federal public work is awarded, the contractor must furnish a payment bond with a surety 'for the protection of all persons supplying labor and material in carrying out the work provided for in the contract.'" *United States ex rel. Acoustical Concepts, Inc. v. Travelers Cas. And Sur. Co. of Am.*, 635 F. Supp. 2d 434, 437 (E.D Va. 2009) (quoting 40 U.S.C. § 3131(b)(2)). Under the Act, "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished . . . and that has not been paid in full . . . may bring a civil action on the payment bond for the amount unpaid." 40 U.S.C. § 3133(b)(1). The bond's surety "assumes only the liability of its principal." *Id.* at 437.

The purpose of the Miller Act is to "ensur[e] subcontractors' prompt payment for their work on federal construction projects . . . ." *Acoustical Concepts, Inc.*, 635 F. Supp. 2d at 435. Thus, in *United States ex rel. Walton Technology Inc. v. Weststar Engineering, Inc.*, 290 F.3d 1199 (9th Cir. 2002), the Ninth Circuit ruled that a "pay when paid" clause in a subcontract agreement was invalid because it affected the prompt payment of the subcontractor and contravened the purpose of the Miller Act.

Unlike a "pay when paid" clause, a "no damages for delay clause" affects the measure rather than the timing of payment. *See Morganti Nat'l, Inc. v. Petri Mech. Co., Inc.*, No. Civ.A.3:98CV309 (SRU), 2004 WL 1091743, at *11 (D. Conn. May 13, 2004). Courts have held that such clauses do not violate the Act and are enforceable. *See id.*; *Kogok Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 1:13CV240, 2014 WL 4748489, at *6 (N.D. W. Va. Sept. 23, 2014) ("[N]o damages for delay clauses do[] not contradict the Miller Act because they affect the measure of recovery, not the timing of it.").[4] This reasoning also corresponds with the Fourth Circuit's holding in *Woodington Elec. Co., Inc., v. United Pacific Ins.*, 545 F.2d 1381, 1383 (4th Cir. 1976). The *Woodington* court stated that a subcontractor is entitled under the Miller Act to any "sums justly due." *Id.* However, "[t]his amount must be determined by reference to the subcontract." *Id.* Accordingly, the "no damages for delay" clause in Ancel and Chasney's subcontract

---

[4] Other courts have applied "no damages for delay" clauses to Miller Act disputes without analyzing whether the clause violates the Act. *See Wallace v. Flintco, Inc.*, 143 F.3d 955, 964 (5th Cir. 1998) ("'No damages for delay' clauses will be strictly construed and enforced . . . ."); *Seminole Sheet Metal Co. v. SCI, Inc.*, 828 F.2d 671, 675 (11th Cir. 1987) ("Although this action was brought under the Miller Act, state law governs whether SCI materially breached the subcontract. . . . Florida courts have upheld the validity of 'no damages for delay' clauses.").

agreement is enforceable[5] because it defines what "sums are justly due."

The Defendants argue that because the clause is enforceable, the Court must dismiss all of Chasney's delay damages claims. ECF No. 9 at 1-2. However, the Defendants' argument is contrary to the plain meaning of the clause.[6] The contract states that Chasney is "entitled to reimbursement only for damages for delays recovered from the Owner . . . ." ECF No. 1-2 at 3. Chasney has alleged that Ancel "sought and obtained additional compensation from the Owner for the delays to the [p]roject, including the delays suffered by Chasney on the Project. Nevertheless, Ancel has failed and refused to pay Chasney for the Delay Damages incurred . . . ." *Id.* at ¶¶ 14-15. Chasney has stated a claim for relief under the contract. Accordingly, the Court will deny the motion to dismiss.

---

[5] The parties agree that such clauses are enforceable under Maryland law. *See also State Highway Admin. v. Greiner Eng'g Scis., Inc.*, 577 A.2d 363, 371-73 (Md. Ct. Spec. App. 1990).

[6] "When reading and interpreting contract provisions, the court's purpose is to give full force and effect to the expressed or implied intentions of the contracting parties, if such can be discerned." *Kogok Corp.*, 2014 WL 4748489, at *4.

III. Conclusion

For the reasons stated above, the motion to dismiss will be denied.

_____6/22/15_____
Date

_____[signature]_____
William D. Quarles, Jr.
United States District Judge